Dear Mr. Oswald:
This opinion is in response to your request which asks the following question:
 Who pays the election costs where an election is held on the question of annexation of land to an Ambulance District pursuant to Section 190.070, RSMo, 1978?
Section 190.070, RSMo 1978, establishes the procedure for the annexation of land to an ambulance district. Subsection 1 provides:
 A petition for annexation of land to an ambulance district shall be signed by not less than ten percent or fifty voters, whichever is fewer, residing within the territory therein described proposed for annexation and shall be filed with the county clerk of the county in which the district or the greater portion thereof is situated, and shall be addressed to the judges of the county court. A hearing shall be held thereon as nearly as possible as in the case of a formation petition. If upon the hearing the judges of the county court find that the petition is in compliance with the provisions of sections 190.005 to 190.085, they shall order the question to be submitted to the voters within the territory and within the district. [Emphasis added.]
Section 115.063, RSMo 1978, provides:
 When any question or candidate is submitted to a vote by any political subdivision or special district and no other question or candidate is submitted at the same election, all costs of the election shall be paid from the general revenue of the political subdivision or special district submitting a question or candidate at the election.
Section 115.065, RSMo Supp. 1981, provides:
 1. Except as provided in sections 115.067, 115.069, 115.071, and 115.073, when any question or candidate is submitted to a vote by two or more political subdivisions or special districts at the same election, all costs of the election shall be paid proportionally from the general revenues of all political subdivisions and special districts submitting a question or candidate at the election, except that costs of publications of legal notice of elections shall not be paid proportionally. Each political subdivision and each special district shall pay for publication of its legal notice of election.
 2. Proportional election costs paid under the provisions of subsection 1 of this section and section 115.067 shall be assessed by charging each political subdivision and special district the same percentage of the total cost of the election as the number of registered voters of the political subdivision or special district on the day of the election is to the total number of registered voters on the day of the election, derived by adding together the number of registered voters in each political subdivision and special district submitting a question or candidate at the election.
The statutory language is clear and unambiguous. The political subdivision or special district submitting the question to the voters is either solely responsible (Section 115.063) or proportionally responsible (Section 115.065) for the costs of the election. Because it is the county court which orders the question submitted to the voters (Section 190.070), if a petition for annexation of land to an ambulance district complies with the provisions of Sections 190.005 to 190.085, RSMo 1978, it is our opinion that the county court is to pay for the costs of the election as the political subdivision submitting the question.
Our opinion herein is consistent with our prior Opinion No. 416, Knudsen, 1963, and Opinion Letter No. 75, Gallego, 1974, copies of which are enclosed for your reference.
Finally, we call your attention to Section 115.067, RSMo 1978. We believe that an election on the question of annexation of land into an ambulance district is a special question. If the annexation question is submitted to the voters by the county court on the same day a political subdivision or special district other than the county is holding a regularly scheduled election, the provisions of Section 115.067 would require that the costs of the annexation election be paid by the political subdivision or special district holding the regularly scheduled election.
CONCLUSION
It is the opinion of this office that Sections 115.063, RSMo 1978, and 115.065, RSMo Supp. 1981, require that the costs of an election for annexation of land to an ambulance district be borne by the county court which submits the question to the voters pursuant to Section 190.070, RSMo 1978.
This opinion, which I hereby approve, was prepared by the Deputy Attorney General, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 416 (1963) Opinion Letter No. 75 (1974)